The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: May the State of Oklahoma expend appropriated funds to pay liabilities incurred by National Guard personnel for lost, stolen or damaged federal property assigned to the Oklahoma National Guard? By way of summary, the provisions of 32 U.S.C.A. 702 authorize the Secretary each of the Army and the Air Force, under regulations prescribed by the President of the United States, to issue or permit the purchase of supplies necessary to uniform, arm and equip the National Guards of the several states and territories, provided that the recipient National Guard "makes provision, satisfactory to the Secretary concerned, for the properties' protection and care." Under the provisions of 32 U.S.C.A. 710, property issued by the federal government to a National Guard remains the property of the United States subject to certain exceptions relieving the Guard of accountability, e.g., recall to active duty, 32 U.S.C.A. 704, consumption by ordinary wear and tear and properly surveyed,32 U.S.C.A. 710 (f). Where property issued by the United States to a National Guard is : . . . lost, damaged, or destroyed through negligence, the money value of the property or the damage thereto shall be charged (1) to the State or Territory, Puerto Rico, the Canal Zone, or the District of Columbia, whichever is concerned, to be paid from its funds or from any non-Federal funds; or (2) to the member to whom the loss, damage, or destruction is charged from pay due him for duties performed in his status as a member of the National Guard.32 U.S.C.A. 710(c) Under federal law, therefore, the onus of reimbursement for lost, damaged or destroyed federal property falls upon a state or the individual member of the National Guard liable for the loss. No provision of the Code of Federal Regulations affecting the National Guard appears to shift the burden of responsibility.32 CFR Part. 564, zz 564.1 et seq., 32 U.S.C.A. App. ff 716. Responsibilities of the Oklahoma National Guard are governed by the provisions of 44 O.S. 111 [44-111] et seq. (1971) which extends the duty of accountability, preservation and care to "all public property" received by a command, whether such property is "in use or in store." 44 O.S. 111 [44-111] (1971). Moreover, the commanding officer is made personally responsible and "pecuniarily liable" for the preservation, use and issue of such property along with subordinate officers to the extent that subordinate officers officially accept and receipt for such property. 44 O.S. 111 [44-111], supra. It is the singular responsibility of a commanding officer to comply with the regulations regarding the preservation, use and issue of public property and to insure that such property is properly secured, issued and preserved. 44 O.S. 111 [44-111](a) through 44 O.S. 111 [44-111](f), supra. Liability for loss, damage or destruction of property is described in 44 O.S. 111 [44-111](h) through 44 O.S. 111 [44-111](j), inclusive: (h) Officers responsible for property will be charged for any damage to or loss or destruction of the same, unless they show to the satisfaction of the Adjutant General, by proper evidence, that the damage, loss, or destruction was occasioned by unavoidable causes, and without fault or neglect on their part. (i) If an article of public property be lost or damaged by the neglect or fault of any officer or soldier, he shall be subject to pay for the value thereof or the cost of repairs, in a sum to be determined by the proper authority, upon the demand of the Adjutant General. (j) The amount charged against an enlisted man on the muster and pay rolls on account of loss or damage to, or repair 3 to military property shall not exceed the value of the article or cost of repairs; and such charge will only be made on conclusive proof, and never without an inquiry if the soldier demands it. Oklahoma Statutes further authorize an expenditure of appropriated funds necessary to the "apprehension and prosecution" of certain persons absconding with such property, 44 O.S. 111 [44-111](k), supra, and litigation for the recovery of property, 44 O.S. 112 [44-112] (1971). Nowhere, however, do we find any express statutory authority for the State of Oklahoma to exonerate a member of the Oklahoma National Guard from the legal liabilities imposed by statute for the negligent or intentional loss, damage or destruction of public property entrusted to the member's care. Such a strict rule of accountability does not make a member of the National Guard an "insurer" of property assigned him; rather, the authority seeking to impose legal liability on a member of the National Guard for loss, damage or destruction of government property must prove by "conclusive" proof, by "proper evidence" and with requisite due process of law, that the loss was occasioned by negligence or fault and not by reason of unavoidable causes. Upon a proper showing of neglect or fault, those responsible for such loss, whether the individual having actual custody or the commander having ultimate responsibility, are obliged for the payment of the reasonable value of such property. The nature of the State's obligation for the preservation and care of property assigned or issued to the State by the federal government is to prevent loss "through negligence."32 U.S.C.A. 710 (c). The Oklahoma Legislature has made provision for a source of recoupment for property lost "through negligence," that is, the personnel described in 44 O.S. 111 [44-111] (1971). No statute has been located which authorizes the use of appropriated funds for replenishment of National Guard equipment whether lost, damaged or destroyed through negligence or unavoidable causes. Absent such express authority by the Legislature and an appropriation therefor, we must conclude that the Oklahoma Military Department may not do so. Prior Attorney General Opinions are in accord. See Atty. Gen. Op. of March 6, 1951; Atty. Gen. Op. of May 15, 1954. It is, therefore, the official opinion of the Attorney General that: 1. The Oklahoma Military Department may not expend appropriated funds for the replacement of lost, damaged or destroyed property assigned to it by the United States. 2. To the extent that the property assigned to the Oklahoma Military Department by federal authorities is lost, damaged or destroyed through the neglect or fault of the person(s) responsible for the preservation and care of such property, the Military Department is obliged under Oklahoma law to seek recovery of such loss from the person(s) found to be responsible. (MANVILLE T. BUFORD) (ksg)